**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| LOUIE GOHMERT, TYLER BOWYER, NANCY COTTLE, JAKE HOFFMAN, ANTHONY KERN, JAMES R. LAMON, SAM MOORHEAD, ROBERT MONTGOMERY, LORAINE PELLEGRINO, GREG SAFSTEN, KELLI WARD and MICHAEL WARD, <br><br> Plaintiffs, <br><br> v. <br><br> THE HONORABLE MICHAEL R. PENCE, VICE PRESIDENT OF THE UNITED STATES, in his official capacity, <br><br> Defendant. | Civil Action No. 6:20-cv-00660 <br><br> **(Election Matter)** |

## [PROPOSED] ORDER GRANTING EMERGENCY INJUNCTIVE RELIEF

The Court has before it Plaintiffs' Emergency Motion for Expedited Declaratory Judgment and Emergency Motion for Injunctive Relief filed December 28, 2020 ("Motion") and the Plaintiffs' December 27, 2020 Complaint for Expedited Declaratory Judgment and Emergency Injunctive Relief ("Complaint") seeking:

1. A declaratory judgment finding that:

   a. Sections 5 and 15 of the Electoral Count Act, 3 U.S.C. §§ 5 and 15, are unconstitutional insofar as they conflict with and violate the Electors Clause and the Twelfth Amendment, U.S. CONST. art. II, § 1, cl. 1 & amend. XII;

   b. That Defendant Vice-President Michael R. Pence, in his capacity as President of Senate and Presiding Officer of the January 6, 2021 Joint Session of Congress under the Twelfth Amendment, is subject solely to

the requirements of the Twelfth Amendment and may exercise the exclusive authority and sole discretion in determining which electoral votes to count for a given State, and must ignore and may not rely on any provisions of the Electoral Count Act that would limit his exclusive authority and at his sole discretion to determine which of two or more competing slates of electors' votes are to be counted for President;

c. That, with respect to competing slates of electors the State of Arizona or other Contested States, the Twelfth Amendment contains the exclusive dispute resolution mechanisms, namely, that (i) Vice-President Pence determines which slate of electors' votes shall be counted, or neither, for that State and (ii) if no person has a majority, then the House of Representatives (and only the House of Representatives) shall chose the President where "the votes [in the House of Representatives] shall be taken by states, the representation from each state having one vote," U.S. CONST. amend. XII;

d. That, also with respect to competing slates of electors, the alternative dispute resolution procedure or priority rule in 3 U.S.C. § 15, is null and void insofar as it nullifies and replaces the Twelfth Amendment rules above by with an entirely different procedure in which the House and Senate each separately "decide" which slate is to be counted, and in the event of a disagreement, then only "the votes of the electors whose appointment shall have been certified by the executive of the State … shall be counted," 3 U.S.C. § 15; and

    2.    An order granting any other declaratory or injunctive relief necessary to support or effectuate the foregoing declaratory judgments.

The Court has reviewed the terms and conditions of the December 28, 2020 Motion and Complaint, and the Court's Declaratory Judgment issued December 31, 2020, granting the requested expedited declaratory judgments in Paragraphs 1(a)-1(d) above and for good cause shown IT IS HEREBY ORDERED THAT:

    1.    Defendant Vice President Michael R. Pence shall, in his capacity as President of the Senate and as Presiding Officer for the January 6, 2021 Joint Session of Congress ("Joint Session"), solely follow the terms of the Twelfth Amendment in counting the electoral votes at the Joint Session and any other proceedings addressing the counting of electoral votes for choosing the next President in connection with the 2020 General Election;

    2.    Defendant Vice President Pence shall not follow the provisions of Sections 5 or 15 of the Electoral Count Act that this Court has found to be unconstitutional and in conflict with the Twelfth Amendment, and in particular, Defendant Vice President Pence

        a.   Shall not "call for objections" from Senators or House Members following the reading of any certificate or paper from electors for a given State, and instead shall exercise his exclusive authority and sole discretion under the Twelfth Amendment to "count" the electoral votes for a given state, including the decision as to which of the competing slates of electors' electoral votes to count, or not to count, for that State;

    b.  Shall not give any preference or priority in counting electors certified by the State's executive over any other slate of electors, and shall instead give effect to the provisions of the Electors Clause for electors appointed by the State Legislature in whatever manner indicated by that State's legislatures;

    c.  Shall not submit any disputes between competing slates of electors to be resolved under the procedures set forth in Section 15 of the Electoral Count Act, nor as Presiding Officer shall he permit any such objections or disputes to interrupt the counting of electoral votes at the Joint Session or delegate his exclusive authority under the Twelfth Amendment to Congress to determine which electoral votes are to be counted; and

    d.  If and only if neither President Trump nor former Vice President Biden fails to receive a majority of electoral votes at the Joint Session, is he relieved is his exclusive authority to count electoral votes for choosing the President, at which point he shall direct the House of Representatives to "choose immediately by ballot" the President where "the votes shall be taken by states, the representation from each state having one vote," as required under the Twelfth Amendment.

**SO ORDERED**.