IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | |
|---|---|
| LOUIE GOHMERT, TYLER BOWYER, NANCY COTTLE, JAKE HOFFMAN, ANTHONY KERN, JAMES R. LAMON, SAM MOOREHEAD, ROBERT MONTGOMERY, LORAINE PELLEGRINO, GREG SAFSTEN, KELLI WARD and MICHAEL WARD,<br><br>　　　Plaintiffs,<br>v.<br><br>THE HONORABLE MICHAEL R. PENCE, VICE PRESIDENT OF THE UNITED STATES, in his official capacity,<br><br>　　　Defendant. | RECEIVED<br>DEC 3 0 2020<br>Clerk, U.S. District Court<br>Texas Eastern<br><br><br>CIVIL ACTION NO. 6:20-cv-00660-JDK |

### MOTION FOR LEAVE TO FILE AMICUS BRIEF

The undersigned, John S. Campbell, files this Motion for Leave to File Amicus Brief on the issue of the Constitutionality of The Electoral Count Act of 1887, 3 U.S.C. §15, and of certain related elements of the additional relief sought by Plaintiffs.

1

Amicus briefs may be allowed in district court, with leave of the court. *See* Jin v. Ministry of State Sec., 557 F. Supp. 2d 131, 136-37 (D.D.C. 2008); Nat'l Ass'n of Home Builders v. U.S. Army Corps of Eng'rs, 519 F. Supp. 2d 89, 93 (D.D.C. 2007; and Ellsworth Assocs. v. U.S., 917 F. Supp. 841, 846 (D.D.C. 1996)("amicus status is generally allowed when the information offered is timely and useful."). The instant action involves an important and novel[1] issue, a tight window for decision, and a potentially limited spectrum of interests represented by the parties; this appears to be an ideal case for amicus filings.

Additionally, as Movant is an individual "member" of PACER and unable to access the court's CM/ECF system through that avenue, Movant hereby REQUESTS that the Court grant Movant leave to "register as a Filing User in the Electronic Filing System solely for purposes of the action." L.R, CV-5(a)(2)(B), Local Rules of the Eastern District of Texas.

It is the understanding of the putative Amicus that this Court does not require the filing of the proposed Amicus Brief as an exhibit to this Motion for Leave. Given the narrow window for a decision in this action, given that the Congressional proceedings addressed herein are to take place on January 6, 2021, Movant believes it particularly appropriate to file this Motion for Leave immediately and to file the Amicus Brief, if allowed, through the court's CM/ECF system. Should the Court nonetheless require that a copy of the Proposed Amicus Brief be attached to the Motion for Leave, Movant REQUESTS that the Court allow a brief period for Movant to supplement this motion with the proposed Amicus Brief.

---

[1] Since the passage of The Electoral Count Act of 1887, the statute has rarely been cited, let alone construed, and its constitutionality has not been challenged.

## JURISDICTION

As an initial matter, Movant notes a potential issue of the Court's subject matter jurisdiction. While it may be premature for Amicus to raise the existence of a "controversy" sufficient to support this court's jurisdiction prior to being granted leave to appear as an Amicus and prior to the filing of a responsive pleading by defendant, Movant notes that the parties to this action--Republicans seeking to extend the term of the sitting President and Vice-President on the one hand and the sitting Vice-President whose tenure in that position would potentially be extended by a ruling in Plaintiffs' favor--may not be deemed sufficiently adverse to present an actual controversy[2], at least without the intervention of additional parties. Presuming that jurisdiction may be found to exist or may be created by the intervention of additional parties, Movant files this motion.

## MOVANT'S INTEREST

Fed.R.App.P. 29 (a)(3), concerning the form and timing of a Motion for Leave to File Amicus Brief in appellate proceedings, is largely inapposite in this instance. However, Movant will attempt to address the matters of Movant's interest and loyalties as addressed therein.

Movant is an American citizen, a registered voter, a retired attorney who is a Member (on inactive status) of the State Bar Associations of Mississippi and Alabama, and a former federal law clerk. Movant has taken an oath on multiple occasions, both as an attorney and as a federal employee, to support and defend the Constitution of the United States. It is in furtherance of this duty that

---

[2] Moore v. Charlotte-Mecklenburg Bd. of Educ., 402 U.S. 47 (1971); United States v. Johnson, 319 U.S. 302 (1943); Muskrat v. United States, 219 U.S. 346 (1911); Braxton County Court v. West Virginia, 208 U.S. 192 (1908); Smith v. Indiana, 191 U.S. 138 (1903); Lampasas v. Bell, 180 U.S. 276 (1901); Tregea v. Modesto Irrigation District, 164 U.S. 179 (1896); California v. San Pablo & T.R.R., 149 U.S. 308 (1893); South Spring Hill Gold Mining Co. v. Amador Medean Gold Mining Co., 145 U.S. 300 (1892); Chicago & Grand Trunk Ry. v. Wellman, 143 U.S. 339 (1892); Lord v. Veazie, 49 U.S. (8 How.) 251 (1850).

Movant seeks leave to file a Brief as Amicus Curiae. Movant, not currently licensed to practice law, does not represent any other party in connection with this matter, choosing to act on his own behalf, *pro se*, as a friend of the court.

Movant has not been hired or even in contact with any party to this action or any person on behalf of the parties or their counsel. Movant's interest arose out of private debate over the proposed use of The Electoral Count Act of 1887, 3 U.S.C. §15, on January 6, 2021, by Representative Morris Jackson "Mo" Brooks, Jr. (R-AL) and others. Movant began work on a potential *pro se* Complaint seeking *inter alia* a declaration that portions of said statute were unconstitutional, both facially and as applied. Movant's research and analysis in furtherance of that attempt informs the proposed Amicus Brief. No attorney for any party nor any other person has been involved in the drafting of any aspect of the proposed Amicus Brief.

## CONCLUSION

Accordingly, Movant PRAYS:

a) That the court shall grant Movant, John S. Campbell, leave to file his Amicus Brief;

b) That the court shall grant Movant, John S. Campbell, leave to "register as a Filing User in the Electronic Filing System solely for purposes of the action;

c) That the court shall allow Movant to file his Amicus Brief; and

d) That the court shall grant such other and different relief as it finds appropriate under the circumstances.

THIS the 29th day of December, 2020.

_____

John S. Campbell, *pro se*,

Amicus Curiae

17 Oakland Terrace

Mobile, Alabama 36604

(251) 605-5675

*ConsultingAttorney@yahoo.com*

## CERTIFICATE OF SERVICE

I, John S. Campbell, Movant and putative Amicus Curiae, hereby certify that, on December 29, 2020, I caused a copy of the foregoing Motion for Leave to File Amicus Brief and accompanying Proposed Order to be mailed by First Class Mail, postage paid, to the following:

Howard Kleinhendler

Howard Kleinhender Esquire

369 Lexington Ave., 12th Floor

New York, NY 10017


Lawrence J. Joseph

Law Office of Lawrence J. Joseph

1250 Connecticut Avenue NW

Suite 700

Washington, DC 20036

William Lewis Sessions
Sessions & Associates
14951 Dallas North Parkway
Suite 400
Dallas, TX  75254

Michael R. Pence
The White House
Office of the Vice-President
1600 Pennsylvania Avenue, N.W.
Washington, D.C. 20500

Acting Attorney General Jeffrey A. Rosen
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Washingtom, DC  20530-0001


US Attorney Stephen J. Cox
110 North College Avenue
Suite 700
Tyler, TX  75702

THIS 29th day of December, 2020.

*[signature]*

JOHN S. CAMPBELL