IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

Louie Gohmert, Tyler Bowyer,

Nancy Cottle, Jake Hoffman,

Anthony Kern, James R. Lamon,

James Moorhead, Robert Montgomery,

Loraine Pellegrino, Greg Safsten,

Kelli Ward and Michael Ward

Plaintiffs

v.                                                    Civil Action No. 6:20-cv-00660

(Election Matter)

The Honorable Michael R. Pence, Vice

President of the United States,

in his official capacity,

Defendant

**Emergency Opposed Motion of Timothy P. Dowling to Intervene**

To the Honorable Jeremy D. Kernodle, United States District Court Judge:

1

Timothy P. Dowling ("Dowling") hereby files his motion to intervene in this case, and in support thereof would show the Court the following.

1. Dowling is an American citizen who is a resident of Texas. Dowling has been a continuously licensed Texas attorney since 1981. Dowling files this motion pro se (he represents no person or entity in this case). Dowling voted for Joseph R. Biden in the 2020 presidential election, and he wishes for Mr. Biden to become the President of the United States on January 20, 2021. Dowling requests that he be permitted to intervene in this case as a matter of right under Federal Rule of Civil Procedure 24 (a), or alternatively, be allowed to permissibly intervene in this case under Rule 24 (b).

2. In this case Plaintiffs have sued a "friendly" Defendant, Vice President Michael Pence, who was the 2020 Republican nominee for the office of Vice President, and who has served as the Vice President of the United States of America since January 20, 2017. Plaintiff Louie Gohmert is a Republican member of the House of Representatives. The other Plaintiffs are Republicans who allegedly live in Arizona.

3. In this case Plaintiffs are asking this Court to authorize a de jure coup by overturning the results of the 2020 presidential election so that Defendant Pence can use his imagined "discretion" to determine which of allegedly

2

competing slates of Presidential Electors should be recognized from various states of the United States. The goal of this suit is to permit that to occur so that the current President of the United States remains as the President of the United States and that Joseph R. Biden does not become the President of the United States on January 20, 2021.

4. <u>Intervention as a matter of right</u>. Federal Rule of Civil Procedure 24(a)(2) provides in relevant part that "on timely motion, the court <u>must</u> permit anyone to intervene who… claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest" (emphasis added). As an American citizen who wishes Mr. Biden to be the President of the United States beginning on January 20, 2021, Dowling has a direct and very consequential interest in the matters that are the subject of this lawsuit. He is clearly "so situated that disposing of the action may as a practical matter impair or impede" his ability to protect his interest in having Mr. Biden become President of the United States on January 20, 2021. There is currently no party in this case who adequately represents Dowling's interest. Indeed, the Defendant, the current Vice President of the United

3

States, has an interest contrary to that Mr. Dowling, since Defendant is the Vice President under the current President who Plaintiffs wish to have remain as President. Therefore Dowling clearly has the right to intervene in this case.

5. Dowling's motion has been brought timely, as this case was filed on Sunday, December 27, 2020. Plaintiffs filed an emergency motion on December 28, 2020 seeking very expedited relief, and they are in no position to complain of Dowling seeking emergency relief in this motion.

6. <u>Permissive intervention</u>. Dowling also requests that the Court permit Dowling to permissibly intervene under Federal Rule of Civil Procedure 24(b). That Rule provides in relevant part that "on timely motion the court may permit anyone to intervene who… has a claim or defense that shares with the main action a common question of law or fact." In compliance with Federal Rule of Civil Procedure 24(c), the pleading that Dowling seeks to file in this case is attached hereto as <u>Exhibit 1</u>. As this pleading indicates, Dowling has defenses in this case regarding common questions of law and fact.

7. Dowling requests that the Court order that Dowling be made a party to this case based on intervention as a matter of right under Rule 24(a), and that Dowling also be permitted to permissibly intervene in this case under

Rule 24(b). The Court should grant this motion immediately because Plaintiffs seek relief prior to January 6, 2021, and there is inadequate time for the typical response period to a motion to expire before this imminent date. Dowling will be irreparably harmed if this motion is not granted at this time, as granting it after any hearings are held in this case would likely be meaningless.

8. Dowling requests that he be permitted to appear at any hearings in this case by telephone or video if the Court authorizes participation at any hearings by either or both of both methods. It is a more than 7 hour trip from Dowling's home to the Court. Dowling is 65 years of age, and given the current pandemic, substantial risk is involved in travelling this distance and appearing in court in person. Therefore good cause exists for Dowling to appear at hearings in this case by telephone or video.

9. Dowling requests that the Court grant this relief by signing the proposed order attached hereto as <u>Exhibit 2</u>, and additionally grant him such further additional relief, whether in law or in equity, as may be just.

*/s/ Timothy P. Dowling*
Pro se
Texas State Bar No. 06083900
8017 Villefranche Dr.

5

Corpus Christi, TX 78414

(361) 960-3135

Relampago@aol.com

### Certificate of consultation

Dowling and lead counsel for Plaintiffs, William Lewis Sessions, complied by telephone with the meet and confer requirement of Local Rule CV-7(h) on December 29, 2020 at approximately 11:45am. This discussion conclusively ended in an impasse, leaving an open issue for the Court to resolve. This motion is opposed by Plaintiffs.

*/s/ Timothy P. Dowling*

### Certificate of service

The undersigned hereby certifies that counsel for Plaintiffs were served by filing this motion with the Clerk of this Court, and such counsel (and other counsel) were also served by email service on December 31, 2020 as follows:

lsessions@sessionslaw.net
William Sessions

howard@kleinhendler.com
Howard Kleinhendler

ljoseph@larryjoseph.com
Lawrence Joseph

hallerjulia@outlook.com
Julia Haller

brandoncjohnson6@aol.com
Brandon Johnson

gregory.f.jacob@ovp.eop.gov
Gregory F. Jacob

stephen.j.cox@usdoj.gov
Stephen J. Cox

Christopher.Healy@usdoj.gov
Christopher Healy

Tanya.Senanayake@usjog.gov

Tanya Senanayake

alan.kennedy@aya.yale.edu

Alan Kennedy

*/s/ Timothy P. Dowling*