**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

LOUIE GOHMERT, TYLER BOWYER, NANCY COTTLE, JAKE HOFFMAN, ANTHONY KERN, JAMES R. LAMON, SAM MOORHEAD, ROBERT MONTGOMERY, LORAINE PELLEGRINO, GREG SAFSTEN, KELLI WARD and MICHAEL WARD,

Plaintiffs,

v.

THE HONORABLE MICHAEL R. PENCE, VICE PRESIDENT OF THE UNITED STATES, IN HIS OFFICIAL CAPACITY.

Defendant,

MICHELE LUNDGREN, MARIAN SHERIDAN, MESHAWN MADDOCK, MARI-ANN HENRY, AND AMY FACCHINELLO, IN THEIR OFFICIAL CAPACITY AS PRESIDENTIAL ELECTORS, REPRESENTING THEIR RESPECTIVE STATES.

Intervenors.

Civil Action No. 6:20-cv-00660-JDK

**INTERVENORS' MICHELE LUNDGREN ET.AL.'S MOTION TO INTERVENE**

(Election Matter)

**INTERVENORS' MICHELE LUNDGREN ET.AL.'S UNOPPOSED MOTION TO INTERVENE**

TO THE HONORABLE COURT:

Michele Lundgren, Marian Sheridan, Meshawn Maddock Mari-Ann Henry and Amy Facchinello in their official capacities as Presidential Electors for the State of Michigan (hereinafter referred to as the "Michigan Electors" or "Intervenors") move the Court, pursuant to Rule 24 of the Federal Rules of Civil Procedure, to allow them to intervene in the above referenced matter, and say:

## I. INTRODUCTION

Federal Rule of Civil Procedure 24 sets forth the standards for permitting a party to intervene in an existing action. Rule 24 provides:

"Rule 24. Intervention (a) INTERVENTION OF RIGHT. On timely motion, the court must permit anyone to intervene who: (1) is given an unconditional right to intervene by a federal statute; or (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

(b) PERMISSIVE INTERVENTION. (1) In General. On timely motion, the court may permit anyone to intervene who: (A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact. (2) By a Government Officer or Agency. On timely motion, the court may permit a federal or state governmental officer or agency to intervene if a party's claim or defense is based on: (A) a statute or executive order administered by the officer or agency; or (B) any regulation, order, requirement, or agreement issued or made under the statute or executive order. (3) Delay or Prejudice. In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

(c) NOTICE AND PLEADING REQUIRED. A motion to intervene must be served on the parties as provided in Rule 5. The motion must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought."

Intervenors move the Court to permit them to intervene in the above referenced action as a matter of right under Rule 24(a) because Intervenors claim an "interest relating to the . . . transaction that is the subject of the action, and [they are] so situated that disposing of the action may as a practical matter impair or impede [Intervenors'] ability to protect [their] interest." Intervenors also move the Court to permit them a permissive right to intervene in the above referenced action under Rule 24(b) because Intervenors "[have] a claim or defense that shares with the main action a common question of law or fact".

As set forth in more detail in Intervenors' Original Complaint attached hereto as Exhibit 1, Intervenors wish to protect their legal rights with respect to their lawful ability to have their votes as Electors for their respective States for Presidential candidate Donald J. Trump and Vice President candidate Michael R. Pence in the November 2020 election acknowledged, protected and confirmed and the question of the constitutionality of laws which conflict with the United States Constitution to be determined consistent with the United States Constitution and the decision of this Court on the claims asserted by Plaintiffs.

Intervenors include portions of the slate of Republican Presidential Electors for the State of Michigan. Intervenors have cast their Presidential electoral votes for the State of Michigan for President Donald J. Trump on December 14, 2020, at the Michigan State Capitol with the permission and endorsement of the Michigan

Legislature, *i.e.*, at the time, place, and manner required under Michigan state law and the Electoral Count Act. At the same time, Michigan's Governor and Secretary of State appointed a separate and competing slate of electors who cast Michigan's electoral votes for former Vice-President Joseph R. Biden, despite the evidence of massive multi-state electoral fraud committed on Biden's behalf that changed electoral results in Michigan, Arizona, Georgia, Pennsylvania, Wisconsin and other states that have also put forward competing slates of Presidential Electors (collectively, the "Contested States"). Collectively, these Contested States have enough electoral votes in controversy to determine the outcome of the 2020 United States Presidential General Election. Intervenors are residents of Michigan, registered Michigan voters and Republican Party Presidential Electors on behalf of the State of Michigan, who voted their competing slate for President and Vice President on December 14, 2020 for Donald J. Trump and Michael R. Pence.

Intervenors include the Republican Presidential Electors for the State of Michigan. On December 14, 2020, pursuant to the requirements of applicable state laws and the Electoral Count Act, Intervenors, with the knowledge and permission of the Republican-majority Michigan Legislature, convened at the Michigan State Capitol, and cast Michigan's electoral votes for President Donald J. Trump and Vice President Michael R. Pence. Michigan's Republican electors attempted to vote at their State Capitol on December 14th but were denied entrance by the Michigan

State Police. Instead, they met on the grounds of the State Capitol and cast their votes for President Trump and Vice President Pence in accordance with State and federal law.[1]

Intervenors agree with the claims, arguments and requested relief of Plaintiffs as asserted in the above referenced civil action, and disagree with the claims, arguments and assertions made by Defendant in this action. These facts establish the clear interest Intervenors have in this action and their interest in seeing that a just and fair resolution of the legal questions are resolved by this Court. Intervenors' "interest" is in the Plaintiffs' action which raises common questions of law or fact regarding the interest Intervenors have for their respective States in ensuring that the correct United States Presidential Electors are counted for their respective States by the United States Senate and United States House of Representatives.

## II. ARGUMENT AND AUTHORITIES

The Fifth Circuit has stated that "intervention of right must be measured by a practical rather than technical yardstick [and] should generally be allowed where no one would be hurt and greater justice could be attained." *Ross v. Marshall*, 426 F.3d 745, 753 (5th Cir. 2005) (internal quotation marks, footnotes, and citations omitted). "Federal courts should allow intervention where no one would be hurt and the greater

[1] *See Michigan Police Block GOP Electors from Entering Capitol*, by Jacob Palmieri, the Palmieri Report, December 14, 2020, https://thepalmierireport.com/michigan-state-police-block-gop-electors-from-entering-capitol/.

justice could be attained." *Doe v. Glickman,* 256 F.3d 371, 375 (5th Cir. 2001) (quoting *Sierra Club v. Espy,* 18 F.3d 1202, 1205 (5th Cir. 1994). Federal Rule of Civil Procedure 24 governs intervention and provides grounds for mandatory and permissive intervention. FED. R. Civ. P. 24; *Edwards v. City of Houston,* 78 F.3d 983, 999 (5th Cir. 1996).

"Rule 24 traditionally receives liberal construction in favor of applicants for intervention." *Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003); *Arizonans for Fair Elections v. Hobbs*, 335 F.R.D. 269, 273 (D. Ariz. 2020) (quoting *Wilderness Soc. v. U.S. Forest Serv.*, 630 F.3d 1173, 1177 (9th Cir. 2011)) ("[A] liberal policy in favor of intervention serves both efficient resolution of issues and broadened access to the courts."). Courts are "required to accept as true the non-conclusory allegations made in support of an intervention motion." *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 819 (9th Cir. 2001) (citation and quotation marks omitted). Rule 24 generally represents "'an accommodation between two potentially conflicting goals: to achieve judicial economies of scale by resolving related issues in a single lawsuit, and to prevent the single lawsuit from becoming fruitlessly complex or unending.'" *United States v. Tex. E. Transmission Corp.*, 923 F.2d 410, 412 (5th Cir. 1991) (quoting *Smuck v. Hobson*, 408 F.2d 175, 179, 132 U.S. App. D.C. 372 (D.C. Cir. 1969) (en banc)).

The decision to permit intervention under Rule 24 (b)(2) requires a threshold determination that the "applicant's claim or defense and the main action have a question of law or fact in common." *Howse v. S/V "Canada Goose I"*, 641 F.2d 317, 322 (5th Cir. 1981) (citing FED. R. CIV. P. 24(b)(2)). "The determination is not discretionary; it is a question of law." *Id.* (citing *Stallworth v. Monsanto Co.*, 558 F.2d 257, 269 (5th Cir. 1977). Even if an applicant fails to meet the requirements to intervene as of right, the court may nonetheless permit permissive intervention under Rule 24(b)(1). Permissive intervention is appropriate when "(1) timely application is made by the intervenor, (2) the intervenor's claim or defense and the main action have a question of law or fact in common, and (3) intervention will not unduly delay or prejudice the adjudication of the rights of the original parties." *League of United Latin Am. Citizens, Council No. 4434 v. Clements*, 884 F.2d 185, 189 n.2 (5th Cir. 1989).

A court may grant permissive intervention to a party under Rule 24(b) "where the applicant for intervention shows '(1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common.'" *Arizonans for Fair Elections*, 335 F.R.D. at 276 (quoting *United States v. City of Los Angeles*, 288 F.3d 391, 403 (9th Cir. 2002)).

Intervenors' motion to intervene is timely. The timeliness of an application to intervene "is not limited to chronological considerations", but depends on all the circumstances of each case. *Stallworth v. Monsanto Co.,* 558 F.2d 257, 263 (5th Cir. 1977). A court's evaluation of the timeliness of an application should focus on the following factors: (1) the length of time the intervenor knew or should have known of her interest in the case; (2) prejudice to the existing parties resulting from the intervenor's failure to apply for intervention sooner; (3) prejudice to the intervenor if her application is denied; and (4) the existence of unusual circumstances. *Trans Chem. Ltd. v. China Nat'l Mach. Imp. & Exp. Corp.,* 332 F.3d 815, 822 (5th Cir. 2003) (citing *Stallworth*, 558 F.2d at 264-66). Once the application is determined to be timely, the court determines whether the intervention should be granted permissively or as of right. *See Stallworth*, 558 F.2d at 268. Intervenors' motion to intervene has been filed within five days of the filing of the Original Complaint by Plaintiffs and before any discovery or scheduling order (other than the briefing order) has been entered by the Court. Under these circumstances, Intervenors' motion to intervene is timely.

**A. Intervention is appropriate under Rule 24(a)(2).**

Intervenors readily satisfies each of the four requirements of Rule 24(a)(2), and thus are entitled to intervene as of right. *First*, this motion is timely. Plaintiffs filed their Complaint just days ago; this motion follows as soon as possible

thereafter, before any significant action in the case and within hours after Defendant as asserted legal claims that would prejudice Intervenors' legal rights. There has been no delay, and there is no risk of prejudice to the other parties. *See League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir. 1997); *see also Arizonans for Fair Elections*, 335 F.R.D. at 273 (quoting *United States v. Alisal Water Corp.*, 370 F.3d 915, 921 (9th Cir. 2004)) ("Timeliness is a flexible concept; its determination is left to the district court's discretion.").

Second and third, Intervenors clearly have important rights at stake that would be impaired if the Court were to deny Plaintiffs' requested relief and grant the relief requested by Defendant. "[A] prospective intervenor 'has a sufficient interest for intervention purposes if it will suffer a practical impairment of its interests as a result of the pending litigation.'" *Wilderness Soc.*, 630 F.3d at 1179 (quoting *California ex rel. Lockyer v. United States*, 450 F.3d 436, 441 (9th Cir. 2006)). Further, "[i]t is generally enough that the interest is protectable under some law, and that there is a relationship between the legally protected interest and the claims at issue." *Wilderness Soc.*, 630 F.3d at 1179 (quoting *Sierra Club v. EPA*, 995 F.2d 1478, 1484 (9th Cir. 1993)). In assessing whether such an interest is sufficiently "impair[ed] or impede[d]," Fed. R. Civ. P. 24(a)(2), courts "look[] to the 'practical consequences' of denying intervention." *Nat. Res. Def. Council v. Costle*, 561 F.2d 904, 909 (D.C. Cir. 1977) (quoting *Nuesse v. Camp*, 385 F.2d 694, 702 (D.C. Cir. 1967)).

Here, Intervenors have legally protectible interests sufficient to support intervention. Defendant's legal arguments and requested relief threatens the lawful rights of Intervenors with respect to their lawful right to vote as Electors and have their vote counted for Donald J. Trump and Michael R Pence in the November 2020 presidential election. To deny Intervenors' of their lawful rights will disenfranchise millions of citizens from their respective States who voted for Donald J. Trump and Michael R Pence in the November 2020 election who Intervenors are bound to vote for as Electors.

Second, Defendant's denial of Plaintiffs' requested relief and assertions regarding the lawfulness and questions of constitutionality raised by Plaintiffs' Original Complaint has the prospect of disenfranchising the votes of millions of citizens from Intervenors' respective states by nullifying their votes for Donald J. Trump as President and Michael R. Pence as Vice President in the November 2020 collection. "The right to vote includes the right to have the ballot counted," *Reynolds v. Sims*, 377 U.S. 533, 555 n.29 (1964), and courts have repeatedly held that where proposed relief carries with it the prospect of disenfranchising voters, those who been elected by the voters have standing in the right to protect the right to vote of the citizens who voted for them to represent their State as their States' Electors. *See, e.g.*, *Crawford v. Marion Cnty. Election Bd.*, 553 U.S. 181, 189 n.7 (2008); *Ne. Ohio Coal. for the Homeless v. Husted*, 696 F.3d 580 (6th Cir. 2012); *Stoddard v. Winfrey*,

No. 20-014604-cz (Mich. Cir. Ct. Nov. 6, 2020); Order, *Donald J. Trump for President, Inc. v. Boockvar*, No. 20-cv-2078 (M.D. Pa. Nov. 12, 2020), ECF No. 72; Order, *Constantino v. City of Detroit*, No. 20-014789-AW (Mich. Cir. Ct. Nov. 13, 2020)

**B. Alternatively, Intervenors satisfy Rule 24(b)'s requirements for permissive intervention.**

Intervenors also satisfy the requirements for permissive intervention under Rule 24(b). A court may grant permissive intervention to a party under Rule 24(b) "where the applicant for intervention shows '(1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common.'" *Arizonans for Fair Elections*, 335 F.R.D. at 276 (quoting *City of Los Angeles*, 288 F.3d at 403). "In exercising its discretion to grant or deny permissive intervention, a court must consider whether the intervention will 'unduly delay or prejudice the adjudication of the'" original parties' rights. *Venegas v. Skaggs*, 867 F.2d 527, 530 (9th Cir. 1989) (quoting Fed. R. Civ. P. 24(b)(3)).

Intervenors meets all three requirements. First, there is an independent ground for jurisdiction here, as Defendant's denial of Plaintiffs' claims and arguments would violate the right to vote of millions of citizens of Intervenors respective States under the First and Fourteenth Amendments. Second, for the reasons discussed *supra*, Intervenors motion is timely -- filed only hours after Defendant's denial of

the claims asserted in Plaintiffs' Complaint was filed. Third, Intervenors claims share common questions of law and fact with those of Plaintiffs, and against Defendant.

Lastly, intervention will result in neither prejudice nor undue delay. Intervenors have an undeniable interest in a swift resolution of this action so that their votes as Presidential Electors representing their respective States will be recognized and accepted by the United States Senate and the United States House of Representatives on January 6, 2021, or thereafter.

For these reasons, Intervenors pray that the Court grant them permission to intervene in this action.

Respectfully submitted,

By: /s/ Charles Bundren

**BUNDREN LAW GROUP, PLLC**
Wm. Charles Bundren, Esq.
Lead Attorney and Attorney-in Charge
State Bar No. 03343200
2591 Dallas Parkway, Suite 300
Frisco, Texas 75034
(214) 808-3555 Telephone
(972) 624-5340 Facsimile
e-mail: charles@bundrenlaw.net
**ATTORNEY FOR INTERVENORS:**

## CERTIFICATE OF ELECTRONIC FILING

The undersigned hereby certifies that this document has been filed by electronic means through the court's CM/ECF electronic filing system on the date indicated below.

**CERTIFICATE OF SERVICE UNDER LOCAL RULE**

Pursuant to LOCAL RULE CV-5 (c)&(d) of the Local Civil Rules of the United States District Court for the Eastern District of Texas, Notice of Electronic Filing of this document automatically generated by this Court's CM/ECF system constitutes service of this document under Federal Rule of Civil Procedure 5(b)(2)(E) and is sufficient service by serving the parties indicated below.

**CERTIFICATE OF SERVICE**

This is to certify that on this 1st day of January 2020 a true and correct copy of the foregoing document was served in accordance with the Federal Rules of Civil Procedure and the United States District Court for the Eastern District of Texas Local Rules on all legal counsel of record for any party and all pro se parties by serving the following:

William Lewis Sessions
Texas Bar No. 18041500
Sessions & Associates, PLLC
14591 North Dallas Parkway, Suite 400
Dallas, TX 75254
Tel: (214) 217-8855
Fax: (214) 723-5346 (fax)
Email: lsessions@sessionslaw.net

Howard Kleinhendler
Howard Kleinhendler Esquire
NY Bar No. 2657120
369 Lexington Ave., 12th Floor
New York, New York 10017
Tel: (917) 793-1188
Fax: (732) 901-0832
Email: howard@kleinhendler.com

Lawrence J. Joseph
DC Bar No. 464777
Law Office of Lawrence J. Joseph
1250 Connecticut Ave, NW, Suite 700-1A
Washington, DC 20036

Tel: (202) 355-9452
Fax: 202) 318-2254
Email: ljoseph@larryjoseph.com

Julia Z. Haller
DC Bar No. 466921
Brandon Johnson
DC Bar No. 491370
Defending the Republic
601 Pennsylvania Ave., NW
Suite 900
South Building
Washington, DC 20004
Tel: (561) 888-3166
Fax: 202-888-2162
Email: hallerjulia@outlook.com
Email: brandoncjohnson6@aol.com
**ATTORNEYS FOR PLAINTIFFS.**

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General
JENNIFER B. DICKEY
Principal Deputy Assistant Attorney General
*/s/ John V. Coghlan*
JOHN V. COGHLAN
Deputy Assistant Attorney General
Federal Programs Branch
U.S. Department of Justice, Civil Division
950 Pennsylvania Avenue N.W.
Washington, DC 20530
Tel: (202) 353-2793
Email: john.coghlan2@usdoj.gov
**ATTORNEYS FOR DEFENDANT.**

Caitlin Halligan (NY Bar No. 3933447)
Samuel Breidbart (NY Bar No. 5783352)
Adam K. Hersh (NY Bar No. 5693064)
Max H. Siegel (NY Bar No. 5652235)
SELENDY & GAY PLLC

1290 Avenue of the Americas
New York, New York 10104

Douglas N. Letter (DC Bar No. 253492)
*General Counsel*
Todd B. Tatelman (VA Bar No. 66008)
Megan Barbero (MA Bar No. 668854)
Josephine Morse (DC Bar No. 1531317)
William E. Havemann (VA Bar No. 86961)
Eric R. Columbus (DC Bar No. 487736)
Lisa K. Helvin (DC Bar No. 988143)

Michael R. Dreeben (DC Bar No. 370586)
GEORGETOWN UNIVERSITY LAW CENTER
600 New Jersey Avenue NW
Washington, D.C. 20001
Jonathan B. Schwartz (DC Bar No. 342758)
OFFICE OF GENERAL COUNSEL
U.S. HOUSE OF REPRESENTATIVES
219 Cannon House Office Building
Washington, DC 20515
Telephone: (202) 225-9700
Facsimile: (202) 226-1360
douglas.letter@mail.house.gov
**ATTORNEYS FOR AMICUS U.S. HOUSE OF REPRESENTATIVES.**

John S. Campbell, pro se
Amicus Curiae
17 Oakland Terrace
Mobile, AL 36604
(251) 605-5675
consultingattorney@yahoo.com
**AMICUS CURIAE**

Alan Kennedy
Alan Hamilton Kennedy, Esquire
Colorado Bar No. 50275
1975 North Grant Street, # 421
Denver, CO 80203

(303) 345-3397
alan.kennedy@aya.yale.edu
**PROPOSED INTERVENOR-DEFENDANT.**

*Timothy P. Dowling*
Pro se
Texas State Bar No. 06083900
8017 Villefranche Dr.
Corpus Christi, TX 78414
(361) 960-3135
Relampago@aol.com
**PRO SE**

__x__by the Court's CM/ECF Pacer electronic filing System pursuant to FRCP 5(b)(2)(E) and 5(b)(3), and LOCAL RULE CV-5 (c)&(d),

____ by certified mail return receipt requested deposited with the United States Postal Service on the date indicated above pursuant to FRCP 5(b)(2)(C),

____ by email at the email address indicated above pursuant to FRCP 5(b)(2)(E), and/or

____ by hand delivery service on the date indicated above pursuant to FRCP 5(b(2)(A) and
(B).

By: /s/ Charles Bundren
**BUNDREN LAW GROUP, PLLC**
Wm. Charles Bundren, Esq.
**ATTORNEY FOR INTERVENORS:**

**CERTIFICATE OF CONFERENCE**

Intervenors' Counsel has complied with the meet and confer requirements in LOCAL RULE CV-7(h). Intervenors counsel, Mr. Bundren, conferred by personal telephone call with Lewis Sessions, Esq. December 31, 2020, counsel for Plaintiffs and Plaintiffs do not oppose Intervenors motion.

For Defendant, the personal conference required by LOCAL RULE CV-7(h) was conducted on December 31, 2020 with John Coughlan, Esq., Counsel for Defendant. Mr. Coughlan stated that Defendant takes no position with respect to Intervenors' motion.

By: /s/ Charles Bundren
**BUNDREN LAW GROUP, PLLC**
Wm. Charles Bundren, Esq.
**ATTORNEY FOR INTERVENORS:**