# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

Louie Gohmert, Tyler Bowyer,
Nancy Cottle, Jake Hoffman,
Anthony Kern, James R. Lamon,
James Moorhead, Robert Montgomery,
Loraine Pellegrino, Greg Safsten,
Kelli Ward and Michael Ward
Plaintiffs

v.                                                  Civil Action No. 6:20-cv-00660

(Election Matter)

The Honorable Michael R. Pence, Vice
President of the United States,
in his official capacity,
Defendant

**Reply of Timothy P. Dowling to Plaintiffs' Pleading Filed January 1, 2021 (Document No. 30) in Order to Respond to Plaintiffs' Arguments About Their Failure to Join Indispensable <u>Parties under Federal Rule of Civil Procedure 19</u>**

1

**To the Honorable Jeremy D. Kernodle, United States District Court Judge:**

Timothy P. Dowling ("Dowling") hereby files his reply to Plaintiffs' contentions in their January 1, 2021 pleading (Document No. 30; "Plaintiffs' Reply") regarding their failure to make genuinely adverse parties defendants in this case and the consequences thereof under Federal Rule of Civil Procedure 19. In support thereof Dowling would show the Court the following (by Dowling not responding more comprehensively to Plaintiff' Reply that does not in any way imply the Dowling agrees with any portion of Plaintiffs' Reply).

1. Defendant Vice President Pence correctly points out that "Plaintiffs are … not sufficiently adverse to the legal interests of the Vice President to ground a case or controversy under Article III."  Document No. 18 at 7 (ECF page number). Defendant correctly notes that "a suit to establish that the Vice President has discretion over the count, f*iled against the Vice President*, is a walking legal contradiction." Id. at 8 (emphasis in the original). Both Defendant and Dowling correctly argue that Plaintiffs have failed to sue who they should have.

2. In response to the portion of Dowling's motion to dismiss address Plaintiffs' violation of Federal Rule of Civil Procedure 19 (Document No. 20 at 6-8) Plaintiffs argue that the lawfully selected Presidential Electors under Arizona law (the Democratic Electors, not the Arizona Plaintiffs in this case) "cannot

2

claim an 'interest' in an unconstitutional statute." Plaintiffs' Reply at 28. Of course no litigant can contend that an unconstitutional statute should be enforced, but clearly the parties who Dowling has argued unquestionably Plaintiffs should have sued—the United States, Arizona's actual Presidential Electors, Joseph Biden, and Kamala Harris-- have a very direct and enormously consequential "interest" in <u>opposing</u> Plaintiffs' arguments that the statutes they challenge in this case are unconstitutional. Plaintiffs' contention that they have no "interest" in the outcome regarding whether Plaintiffs' unconstitutionality argument is accepted or rejected is ludicrous. By choosing not to sue them, Plaintiffs employed procedural gamesmanship to deny them the opportunity to oppose the relief they seek. It is typically much easier to obtain a court victory if you do not sue your true adversary.

3. Plaintiffs further illogically argue that the relief they seek "has no legally prejudicial effect on any absent party." Plaintiffs' Reply at 28. This contention is equally absurd. If Plaintiffs' arguments are accepted, the winning Presidential candidate and the winning Vice Presidential candidate (Joseph Biden and Kamala Harris) will be transformed into the losers of the 2020 election. Furthermore, Arizona's actual Presidential Electors will not have their Electoral votes counted in Congress although they are the proper Presidential Electors

under Arizona law. It would be hard to imagine a more "prejudicial effect" on an absent party.

4.  It is clear that by their selection of who to make a defendant in this case Plaintiffs violated Rule 19(c), which unequivocally states that "when asserting a claim for relief a party must state… the name, if known, of any person who is required to be joined if feasible but is not joined and… the reasons for not joining that person." The question is what to do about Plaintiffs' egregious violation of this Rule. Rule 19(a)(2) is clear: "If a person has not been joined as required, the court <u>must</u> order that the person be made a party" (emphasis added).  Plaintiffs suggest that the actual Arizona Presidential Electors may not be subject to service of process in this Court. Plaintiffs Reply at 28. What Plaintiffs should have done was sue them as indispensable parties under Rule 19, and see if they objected to being before in this Court. No doubt if their choice was to have no involvement in this Court at all where their rights would be nonetheless determined, or have the opportunity to appear in this Court to protect those rights, they would choose the latter option.

5.  Even if that was not the case, Rule 19(b) provides the answer regarding what this Court should do. That Rule states that "if a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or

4

should be dismissed." One of the key considerations the court is to evaluate is "the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties." Rule 19(b)(1). As pointed out above, clearly those who Plaintiffs should have made defendants in this case will be severely prejudiced if the relief Plaintiffs seek is granted in their absence. There is no way this Court can sufficiently lessen or avoid this prejudice. Dismissal of this case for failure to join proper defendants under Rule 19 would be appropriate because dismissal will have been brought about only because of Plaintiffs' unwise and unfair manipulation of the judicial process by suing a single defendant when both that defendant and all that Plaintiffs wish to have Donald Trump remain as President, and Defendant remain as Vice President, after January 20, 2021.

6.  Therefore Dowling requests that the Court dismiss this case under Rule 19 (or alternatively take no action in this case until after Plaintiffs at a minimum have joined Joseph Biden, Kamala Harris, and Arizona's lawful Presidential Electors as defendants), and if the Court does not dismiss this case due Plaintiffs' flagrant violation of Rule 19, that the Court dismiss this case for the other reasons pointed out in Dowling's motion to dismiss, and also for the reasons justifying dismissal pointed out by others who have filed pleadings in this case. A proposed order of dismissal is attached as Exhibit 2 to Dowling's

motion to dismiss (Document No. 20), and Dowling requests that the Court sign that order. Dowling requests that the Court additionally grant him such further additional relief, whether in law or in equity, as may be just.

          /s/ Timothy P. Dowling

          Pro se
          Texas State Bar No. 06083900
          8017 Villefranche Dr.
          Corpus Christi, TX 78414
          (361) 960-3135
          Relampago@aol.com

## Certificate of service

The undersigned hereby certifies that counsel who have made an appearance in this case were served on January 1, 2021 after this pleading was filed via the Court' ECF filing system.

          /s/ Timothy P. Dowling