IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| LOUIE GOHMERT, TYLER BOWYER NANCY COTTLE, JAKE HOFFMAN, JAMES R. LAMON, SAM MOORHEAD, ROBERT MONTGOMERY, LORAINE PELLEGRINO, GREG SAFSTEN, KELLI WARD and MICHAEL WARD, <br><br> Plaintiffs, <br><br> v. <br><br> THE HONORABLE MICHAEL R. PENCE, VICE PRESIDENT, in his official capacity, <br><br> Defendant, <br><br> and <br><br> ALAN KENNEDY, <br><br> Proposed Intervenor-Defendant. | § § § § § § § § § § § § § § § § § § § § § § | Case No. 6:20-cv-660-JDK <br><br><br><br><br> (Election Matter) |

**EMERGENCY AMENDED MOTION OF ALAN KENNEDY TO INTERVENE AS PRESIDENTIAL ELECTOR, BRIEF IN SUPPORT OF MOTION TO INTERVENE, AND OPPOSITION TO PLAINTIFFS' EMERGENCY MOTION**

Proposed Intervenor-Defendant, Alan Kennedy, respectfully moves to intervene in their capacity as a presidential elector for President-elect Joseph R. Biden, Jr., and Vice President-elect Kamala D. Harris, in support of Defendant, The Honorable Michael R. Pence, and in opposition to Plaintiffs, The Honorable Louie Gohmert, et al., and their emergency motion filed December 28, 2020 (Docket No. 2). In support, Proposed Intervenor-Defendant states as follows:

**FACTS**

1. On November 3, 2020, President-elect Joseph R. Biden, Jr., and Vice President-elect Kamala D. Harris, were elected by the People of the United States of America as our next

1

President and Vice President. Biden and Harris received more than 81 million votes nationally, more than 7 million more votes than President Donald J. Trump and Vice President Michael R. Pence. On December 14, 2020, when the elected and certified presidential electors convened in accordance with the Constitution and applicable laws, Biden and Harris received 306 electoral votes, while Trump and Pence received 232 electoral votes. Each ballot cast by a duly elected and certified presidential elector was signed by the elector, the lists of electoral votes from each state were certified by the respective secretaries of state, and the certified lists of electoral votes were transmitted to the seat of government, directed to the President of the Senate. On January 6, 2021, it is expected that the electoral votes will be opened, read, counted, and results announced.

2.      Alan Kennedy is a presidential elector for President-elect Joseph R. Biden, Jr., and Vice President-elect Kamala D. Harris. On April 18, 2020, Kennedy was selected to be a Democratic presidential elector by delegates to the Colorado Democratic Party state convention. On November 3, 2020, Kennedy was elected to serve as a presidential elector for President-elect Joseph R. Biden, Jr., and Vice President-elect Kamala D. Harris, by the voters of Colorado. On December 8, 2020, Kennedy was certified as a presidential elector by the Colorado Secretary of State. On December 14, 2020, Kennedy cast ballots for President-elect Joseph R. Biden, Jr., and Vice President-elect Kamala D. Harris, as one of Colorado's nine certified presidential electors. Kennedy has a strong personal and representative interest in ensuring that all the electoral votes cast by all the certified electors on December 14, 2020, are lawfully counted on January 6, 2021.

3.      Since November 3, 2020, President Trump and Vice President Pence have refused to concede that President-elect Biden and Vice President-elect Harris won majorities of electoral votes and popular votes. President Trump has made frequent false claims of voter fraud that have been debunked. Twenty Arizona legislators have even urged Congress to overturn results there

by having the state's 11 electoral votes for Biden and Harris "nullified." Trump's campaign and supporters have filed dozens of unsuccessful lawsuits in an effort to overturn the election results.

## PLAINTIFFS' LAWSUIT HAS NO MERIT

4. This is yet another frivolous lawsuit filed by supporters of President Trump and Vice President Pence without merit or any evidence of the alleged "wide-spread election fraud" (Docket No. 1, no. 10; incorporated in Docket No. 2, Facts). This last-ditch lawsuit, like dozens of others before it, seeks to overturn the election of President-elect Biden and Vice President-elect Harris, and sow unfounded doubts about legitimacy both before and after President-elect Biden and Vice President-elect Harris are inaugurated on January 20, 2021. What is different about this suit is that it specifically seeks to overturn the votes of certified presidential electors. By any measure, this lawsuit is fundamentally undemocratic and without basis in fact or law.

5. Plaintiffs falsely state in emergency motion that "facts relevant to this controversy are not in dispute" (Docket No. 2, I(F)). Plaintiffs falsely claim that there are "competing slates of electors for Arizona and other Contested States" and that "substantial voter fraud" occurred in the 2020 presidential election (Docket No. 2, I(F)). In fact, Arizona's secretary of state certified that state's election, which President-elect Biden and Vice President-elect Harris won, as well as results of the electoral votes of that state's duly elected and certified presidential electors, and no "competing slate" of presidential electors was ever elected or certified. This falsehood may arise from confusion about the fact that multiple political parties select presidential elector candidates. However, only the candidates for President and for Vice Presidential who win the most votes in the state (or congressional districts in states that elect electors by district) receive electoral votes from that state. The Supreme Court recently affirmed this Electoral College principle in a ruling that the Constitution does not prohibit states from requiring electors to vote for the winner of the

state's popular votes. *See Colorado v. Baca*, 140 S. Ct. 2316 (2020) (mem.) (*per curiam*), and *Chiafolo v. Washington*, 140 S. Ct. 2316 (2020). With the apparent exception of Rep. Gohmert, Plaintiffs are all Arizona Republicans unwilling to accept the results of the presidential election, who were not elected as electors by Arizona voters, and who were thus not certified as electors (Docket Nos. 1, 2). Proposed Intervenor-Plaintiffs Michele Lundgren et al. are all Michigan Republicans unwilling to accept the results of the presidential election, who were not elected as electors by Michigan voters, and who were thus not certified as electors (Docket No. 25). The fact that a few members of Congress plan to oppose electoral votes cast for President-elect Biden and Vice President-elect Harris, for purely partisan reasons, adds no support for Plaintiffs' false claims of "competing slates of electors" and "substantial voter fraud" in this election. I am a presidential elector; Plaintiffs' false claims that they are electors do not make them electors.

6. With regard to the merits of Plaintiffs' bogus legal claims, Plaintiffs admit that their claims "raise only legal issues" and suggest that the Court rule on the merits without any factual determinations, tacit acknowledgment that Plaintiffs' facts are not facts (Docket No 2, II(A)(2)). Thus, the only question before the Court is whether Electoral Count Act provisions, 3 U.S.C. § 5 and 3 U.S.C. § 15, unconstitutionally conflict with the Constitution's electoral clause in Art. II, § 1, and the Twelfth Amendment. They do not. As former acting solicitor general Neal K. Katyal has noted, Art. II, § 1, and Twelfth Amendment require the "President of the Senate" to "open" the electoral vote certificates, and 1887 Electoral Count Act adds procedural details regarding the timeline and tabulation, culminating on January 6, and delineates the ministerial powers of the "President of the Senate," who in this case happens to be Defendant Pence. *See* Neal K. Katyal & John Monsky, *Will Pence Do the Right Thing?*, N.Y. Times, Dec. 29, 2020. Plaintiffs incorrectly claim 3 U.S.C. § 5 involves the "authority" of Defendant Pence (Docket

No. 2, II(A)(2)); instead, it concerns the appointment of electors, which has already occurred in compliance with Art. II, § 1, Twelfth Amendment, and Electoral Count Act. *Compare* Art. II, § 1 *and* amend. XII *with* 3 U.S.C. § 5. Similarly, Plaintiffs wrongly claim 3 U.S.C. § 15, concerning electoral vote tabulation, conflicts with constitutional provisions for the United States House of Representatives and Senate to choose a President and Vice President, respectively, if no person receives a majority of the electoral votes. Defendant Pence's constitutional and statutory role is limited to the ministerial task of opening electoral vote certificates, calling for any objections by members of Congress, announcing results of votes on such objections, and announcing the final electoral vote results. *Compare* Art. II, § 1 *and* amend. XII *with* 3 U.S.C. § 15. Thus, Plaintiffs' legal claims are wholly without merit, fundamentally undemocratic, and should be dismissed.

      7.     Neither the Constitution of the United States nor any provision of Electoral Count Act give Defendant Pence substantive powers, much less "plenary authority" to count the votes of presidential electors in a way contrary to the votes of the presidential electors and the millions of voters who elected them (Docket No. 2, II(E)), nor do they give Defendant Pence "discretion" to overturn the results of the 2020 election by replacing electors with people who are not electors (Docket No. 2, II(D)). Similarly, neither the Constitution nor Electoral Count Act offer any basis for claims by people who are not duly elected and certified presidential electors to replace duly elected and certified presidential electors solely because such non-electors were not elected (but would have liked to have been elected), resulting in their preferred candidates losing re-election. Plaintiffs' claims to the contrary find no support in the text of the cited constitutional provisions or the Electoral Count Act, and are contrary to the whole point of holding elections. If President Trump could be re-elected simply by the Vice President exercising falsely claimed "discretion" (Docket No. 2, II(D)), there would be no point to hold elections. If an incumbent Vice President

could keep his or her job that way, then votes of millions of people and votes of duly elected and certified electors would be meaningless, and our nation's most cherished principle -- "here, We the People rule" -- would be eviscerated. *Chiafolo v. Washington*, 140 S. Ct. 2316, 2328 (2020).

8.      Finally, Plaintiffs conclude their Electoral College fantasy by proposing unlimited discretion for Defendant Pence to usurp the electoral process as Plaintiffs desire, while enjoining Pence from doing his job on Jan. 6. On behalf of the American People, please stop this madness.

## SUPPORT FOR MOTION TO INTERVENE

9.      Under Fed. R. Civ. P. 24(a)(2), a court must permit a third party to intervene of right if: (1) motion to intervene is timely; (2) potential intervener asserts an interest that is related to the underlying basis for controversy in the case in which they seek to intervene; (3) disposition of that case may impair or impede the potential intervener's ability to protect their interest; and (4) existing parties do not adequately represent the potential intervener's interest. *John Doe No. 1 v. Glickman*, 256 F.3d 371, 375 (5th Cir. 2001). "Rule 24 is to be liberally construed," and the "[f]ederal courts should allow intervention when no one would be hurt and the greater justice could be attained." *Wal–Mart Stores, Inc. v. Tex. Alcoholic Beverage Comm'n*, 834 F.3d 562, 565 (5th Cir. 2016) (quoting *Texas v. United States*, 805 F.3d 653, 656 (5th Cir. 2015).

10.     Proposed Intervenor-Defendant requests intervention of right under Fed. R. Civ. P. 24(a)(2). Proposed Intervenor-Defendant timely moved to intervene less than one week after initiation of this lawsuit (Docket No. 1) and prior to the first expedited deadline for response by Defendant which was ordered by the Court (Docket No. 12). As an actual presidential elector for President-elect Biden and Vice President-elect Harris, Proposed Intervenor-Defendant could not have a stronger or more fundamental interest in this litigation's outcome. Should the Court grant Plaintiffs' meritless requests, Proposed Intervenor-Defendant's ability to protect their interests as

6

a presidential elector for President-elect Biden and Vice President-elect Harris would be harmed. Finally, Defendant may not adequately protect Proposed Intervenor-Defendant's interests due to the obvious differences between the interests of Defendant and Proposed Intervenor-Defendant, most notably the potential conflict of interest between Defendant's duty to preserve, protect, and defend the Constitution, and Defendant's potential interest in potentially being Vice President beyond January 20, 2021, by acceding to the requests of Plaintiffs to usurp the electoral process.

11. Alternatively, under Fed. R. Civ. P. 24(b)(1)(B), Proposed Intervenor-Defendant should be granted permissive intervention, as Proposed Intervenor-Defendant will raise common questions of law and fact, the motion is timely, and the intervention will not delay adjudication. *See United States v. League of United Latin Am. Citizens*, 793 F.2d 636, 644 (5th Cir. 1986). Fed. R. Civ. P. 24 does not "require prospective intervenors to wait on the sidelines until after a court has already decided enough issues contrary to their interests." *Brumfield v. Dodd*, 749 F.3d 339, 344-345 (5th Cir. 2014). "The very purpose of intervention is to allow interested parties to air their views so that a court may consider them before making potentially adverse decisions." *Id*. Unlike Plaintiffs and Proposed Intervenor-Plaintiffs who are not, in fact, presidential electors, Proposed Intervenor-Defendant is actually a presidential elector and thus could hardly be a more interested party. Therefore, Proposed Intervenor-Defendant should be permitted to intervene.

12. Given Proposed Intervenor-Defendant's interest as an actual presidential elector, unlike "elector" Plaintiffs and Proposed Intervenor-Plaintiffs who are not presidential electors, Proposed Intervenor-Defendant adopts all of the procedural objections, including to jurisdiction and Plaintiffs' continued refusal to join any actual Defendants in interest (Docket No. 30), as set forth by Defendant (Docket No. 18), amicus brief of the United States House of Representatives (Docket No. 22), and responsive filings of Proposed Intervenor Dowling (Docket No. 20, 34).

7

## CONCLUSION

For the reasons stated, it is respectfully requested that Proposed Intervenor-Defendant's emergency amended motion to intervene be **GRANTED**, Plaintiffs' emergency motion filed on Dec. 28, 2020 be **DENIED**, and Plaintiffs' complaint filed on Dec. 27, 2020 be **DISMISSED**.

Dated: January 1, 2021                              Respectfully submitted,

                                                By: /s/ *Alan Kennedy*
                                                        Alan Hamilton Kennedy, Esquire
                                                        Colorado Bar No. 50275
                                                        1975 North Grant Street, # 421
                                                        Denver, CO 80203
                                                        (303) 345-3397
                                                        alan.kennedy@aya.yale.edu

                                                        *Proposed Intervenor-Defendant*

**CERTIFICATE OF CONFERENCE**

I hereby certify compliance with the meet and confer requirement in Local Rule CV-7(h). On December 30, 2020, I spoke by telephone with William Lewis Sessions, Esquire, counsel for Plaintiffs, and Christopher Healy, Esquire, counsel for Defendant. We expressed and compared views, including the reasons for Proposed Intervenor-Defendant's proposed motion to intervene and opposition to Plaintiffs' position. Attorney Sessions, on behalf of Plaintiffs, expressed firm opposition to the proposed motion to intervene and any related filings due to my capacity as a presidential elector for President-elect Biden and Vice President-elect Harris (*see* Docket No. 30). Attorney Healy, on behalf of Defendant, relayed that Defendant takes no position on my intervention. Thus, discussions have ended in impasse. Given lack of time between Plaintiffs' emergency motion (Docket No. 2) and deadlines (Docket No. 12), resolution is up to the Court.

Dated: January 1, 2021                         Respectfully submitted,

                                               By: /s/ *Alan Kennedy*
                                                   Alan Hamilton Kennedy, Esquire
                                                   *Proposed Intervenor-Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on this day, January 1, 2021, I electronically filed Proposed Intervenor-Defendant's foregoing motion (with proposed order attached as required), with the Clerk of the Court using CM/ECF system, causing a copy to be served on all counsel of record. Additionally, a courtesy copy of this filing has also been emailed to all known counsel of record.

Dated: January 1, 2021                         Respectfully submitted,

                                               By: /s/ *Alan Kennedy*
                                                   Alan Hamilton Kennedy, Esquire
                                                   *Proposed Intervenor-Defendant*