No. 21-40001

# United States Court of Appeals for the Fifth Circuit

LOUIE GOHMERT, TYLER BOWYER, NANCY COTTLE, JAKE HOFFMAN, ANTHONY KERN, JAMES R. LAMON, SAM MOORHEAD, ROBERT MONTGOMERY, LORAINE PELLEGRINO, GREG SAFSTEN, KELLI WARD AND MICHAEL WARD,
*Plaintiffs-Appellants,*

v.

THE HONORABLE MICHAEL R. PENCE, VICE PRESIDENT OF THE UNITED STATES, IN HIS OFFICIAL CAPACITY,
*Defendant-Appellee.*

ON APPEAL FROM U.S. DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS, TYLER DIVISION,
CIVIL NO. 6:20-CV-00660-JDK, HON. JEREMY D. KERNODLE

**EMERGENCY MOTION FOR EXPEDITED APPEAL**

Lawrence J. Joseph
DC Bar #464777
Law Office of Lawrence J. Joseph
1250 Connecticut Av NW, Ste 700
Washington, DC 20036
Tel: 202-355-9452
Fax: 202-318-2254
Email: ljoseph@larryjoseph.com

William Lewis Sessions
Texas Bar No. 18041500
Sessions & Associates, PLLC
14591 North Dallas Parkway, Suite 400
Dallas, TX 75254
Tel: (214) 217-8855
Fax: (214) 723-5346
Email: lsessions@sessionslaw.net

*Counsel for Plainitfs-Appellants*

# CERTIFICATE OF INTERESTED PERSONS

The case number is No. 21-40001. The case is styled as *Gohmert v. Pence.* The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These presentations are made in order that the judges of this court may evaluate possible disqualification or recusal.

| *Plaintiffs* | Counsel for *Plaintiffs* |
|---|---|
| Louie Gohmert<br>Tyler Bowyer<br>Nancy Cottle<br>Jake Hoffman<br>Anthony Kern<br>James R. Lamon<br>Sam Moorhead<br>Robert Montgomery<br>Loraine Pellegrino<br>Greg Safsten<br>Kelli Ward<br>Michael Ward | William Lewis Sessions<br>Sessions & Associates, PLLC<br>Howard Kleinhendler<br>Howard Kleinhendler Esquire<br>Lawrence J. Joseph<br>Law Office of Lawrence J. Joseph<br>Julia Z. Haller<br>Brandon Johnson<br>Defending the Republic |

| *Defendant* | Counsel for *Defendant* |
|---|---|
| Vice President Michael R. Pence | Jeffrey Bossert Clark<br>   Acting Assistant Attorney General<br>Jennifer B. Dickey<br>   Deputy Assistant Attorney General<br>John V. Coghlan<br>   Deputy Assistant Attorney General<br>Federal Programs Branch, U.S. Dep't of<br>   Justice, Civil Division |

i

| *Movants for Intervention* | *Counsel Movants for Intervention* |
|---|---|
| Marian Sheridan | Wm. Charles Bundren |
| Meshawn Maddock | Wm. Charles Bundren & Associates |
| Mari-Ann Henry | |
| Amy Facchinello | |
| Michele Lundgren | |

| *Pro Se Movants for Intervention* | *Counsel Movants for Intervention* |
|---|---|
| Timothy P Dowling | Timothy P. Dowling |
| Alan Hamilton Kennedy | Alan Hamilton Kennedy |

| *Amicus Curiae* | *Counsel for Amicus Curiae* |
|---|---|
| Bilateral Advisory Legal Group of the U.S. House of Representatives | Caitlin Halligan |
| | Samuel Breidbart |
| | Adam K. Hersh |
| | Max H. Siegel |
| | Selendy & Gay PLLC |
| | Michael R. Dreeben |
| | Douglas N. Letter |
| | Todd B. Tatelman |
| | Megan Barbero |
| | Josephine Morse |
| | William E. Havemann |
| | Eric R. Columbus |
| | Lisa K. Helvin |
| | Jonathan B. Schwartz |
| | Office of General Counsel, U.S. House of Representatives |

Dated: January 2, 2021 Respectfully submitted,

/s/ Lawrence J. Joseph
_____

| | |
|---|---|
| William Lewis Sessions | Lawrence J. Joseph |
| Texas Bar No. 18041500 | DC Bar #464777 |
| Sessions & Associates, PLLC | Law Office of Lawrence J. Joseph |
| 14591 North Dallas Parkway, Suite 400 | 1250 Connecticut Av NW, Ste 700 |
| Dallas, TX 75254 | Washington, DC 20036 |
| Tel: (214) 217-8855 | Tel: 202-355-9452 |
| Fax: (214) 723-5346 | Fax: 202-318-2254 |
| Email: lsessions@sessionslaw.net | Email: ljoseph@larryjoseph.com |

# INTRODUCTION

By and through the undersigned counsel, movants U.S. Rep. Louie Gohmert (TX-1), Tyler Bowyer, Nancy Cottle, Jake Hoffman, Anthony Kern, James R. Lamon, Sam Moorhead, Robert Montgomery, Loraine Pellegrino, Greg Safsten, Kelli Ward, and Michael Ward—plaintiffs below and appellants in this Court—respectfully file this emergency motion pursuant to Circuit Rule 27.3 to expedite their appeal.

Pursuant to Rule 27.3, the undersigned counsel conferred by telephone with the Office of the Clerk and with the counsel for the defendant, Vice President Michael R. Pence. In addition to serving Vice President Pence's counsel via the ECF system and Federal Express, the undersigned counsel also provided a copy of this motion via email to his counsel from both the Federal Program Branch if the Department of Justice's Civil Division (i.e., his trial counsel) and the Office of the Vice President.

# NATURE OF THE EMERGENCY

Plaintiffs-Appellants seek to declare the Electoral Count Act of 1887, PUB. L. NO. 49–90, 24 Stat. 373 (codified at 3 U.S.C. §§ 5, 15) unconstitutional and to prevent the joint session of Congress set for January 6, 2021, from invoking that statute as part of the 2020 presidential election. Although the statute has been in the

United States Code for more than 130 years, it has not affected any presidential election, but threatens to do so now. Moreover, Plaintiffs-Appellants' claims did not arise until after the electoral college voted on December 14, 2020, so the emergency could not have been avoided.

Specifically, the nature of the emergency is that rival slates of presidential electors, representing an outcome-determinative number of electoral votes will be presented to the joint session on January 6, 2021. Neither the Electors Clause nor the Twelfth Amendment includes a dispute-resolution provision for addressing the rival slates or the election anomalies related to the various non-legislative eviscerations of ballot-integrity measures (*e.g.*, signature verification or witness requirements) based on the COVID-19 pandemic:

> In the original plan, as well as in the amendment, no provision is made for the discussion or decision of any questions, which may arise, as to the regularity and authenticity of the returns of the electoral votes …. It seems to have been taken for granted, that no question could ever arise on the subject; and that nothing more was necessary, than to open the certificates, which were produced, in the presence of both houses, and to count the names and numbers, as returned.

J. Story, 3 COMMENTARIES ON THE CONSTITUTION OF THE UNITED STATES § 1464 (Boston, Hilliard, Gray, & Co. 1833). The dispute-resolution process in 3 U.S.C. § 15 is blatantly unconstitutional for the reasons that Plaintiffs-Appellants briefed in the district court, without significant dispute from the Vice President or his principal

*amicus curiae* from the U.S. House of Representatives. The irreparable harm is that, once the election completes under the constitutional procedures under § 15, it could require impeachment to set it aside. In place of § 15, Plaintiffs-Appellants seek to have Congress follow the procedures laid out in the Twelfth Amendment.

The issues were fully briefed below, and the district court dismissed for lack of standing. Upon the reversal of such dismissals, the ordinarily course would be to remand for merits proceedings, *Montano v. Texas*, 867 F.3d 540, 546 (5th Cir. 2017) ("a court of appeals sits as a court of review, not of first view"), but "[t]he matter of what questions may be taken up and resolved for the first time on appeal is one left primarily to the discretion of the courts of appeals." *Singleton v. Wulff*, 428 U.S. 106, 121 (1976). Here, the facts are not in dispute, the defendant and its principal *amicus curiae* below largely ignored the merits issues, thus essentially waiving the merits issues. *See*, *e.g.*, *Christopher M. v. Corpus Christi Indep. Sch. Dist.*, 933 F.2d 1285, 1293 (5th Cir. 1991) ("an issue waived by appellant cannot be raised by *amicus curiae*"); *Bd. of Miss. Levee Comm'rs v. EPA*, 674 F.3d 409, 417-18 (5th Cir. 2012) ("[u]nlike constitutional standing, prudential standing arguments may be waived"); *June Med. Servs. L.L.C. v. Russo*, 140 S.Ct. 2103, 2117 (2020) ("the rule that a party cannot ordinarily rest his claim to relief on the legal rights or interests of third parties … does not involve the Constitution's case-or-controversy requirement … [a]nd so … it can be forfeited or waived") (interior quotations and citations omitted);

*Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 126 (2014). In short, the only questions presented are essentially the jurisdictional ones that this Court would need to consider in any event. *Steel Co. v. Citizens for a Better Env't.*, 523 U.S. 83, 95 (1998). Under the circumstances, if the Court finds jurisdiction, the Court could enter the requested declaratory judgment for the Plaintiffs-Appellants because a remand for waived merits issues would make little sense.

## **RELIEF REQUESTED**

In order to complete the appeal before the joint session schedule for January 6, 2021, Plaintiffs-Appellants respectfully request that the Court immediately enter an expedited briefing schedule to set the following timeline for the appeal:

| | |
|---|---|
| Opening brief & supporting *amici* briefs | Midnight (Central), January 2, 2021 |
| Response brief & supporting *amici* briefs | 6:00 p.m. (Central), January 3, 2021 |
| Reply brief | 10:00 a.m. (Central), January 4, 2021 |
| Entry of judgment | Midnight (Central), January 5, 2021 |

Although Plaintiffs-Appellants sought to resolve the matter in district court via an emergency declaratory ruling as a final matter, Plaintiffs-Appellants did seek style their filings as requests for interim relief. Accordingly, as an alternative to resolving the full appeal before January 6, 2021, the Court could, alternatively, enter an interim order in the nature of a preliminary injunction.

4

## **CONCLUSION**

WHEREFORE, for the foregoing reasons, Plaintiffs-Appellants respectfully request that the Court set the expedited briefing schedule above and resolve this appeal by Tuesday, January 5, 2021.

Dated: January 2, 2021                             Respectfully submitted,

                                                         /s/ Lawrence J. Joseph

| | |
|---|---|
| William Lewis Sessions | Lawrence J. Joseph |
| Texas Bar No. 18041500 | DC Bar #464777 |
| Sessions & Associates, PLLC | Law Office of Lawrence J. Joseph |
| 14591 North Dallas Parkway, Suite 400 | 1250 Connecticut Av NW, Ste 700 |
| Dallas, TX 75254 | Washington, DC 20036 |
| Tel: (214) 217-8855 | Tel: 202-355-9452 |
| Fax: (214) 723-5346 | Fax: 202-318-2254 |
| Email: lsessions@sessionslaw.net | Email: ljoseph@larryjoseph.com |

## COMBINED CERTIFICATE OF COMPLIANCE

1. The accompanying motion complies with the type-volume limitation of FED. R. APP. P. 27(d)(2)(A) and Circuit Rule 27-1(1)(d) because the motion contains 959 words, including footnotes, but excluding the parts of the motion exempted by FED. R. APP. P. 32(a)(7)(B)(iii).

2. The motion complies with the typeface and type style requirements of FED. R. APP. P. 27(d)(1)(E) because the motion has been prepared in a proportionally spaced typeface using Microsoft Word 365 in Times New Roman 14-point font.

3. Pursuant to Circuit Rule 27.3, copies of the relevant order and judgment of the district court, as well as all relevant pleadings, briefs, memoranda, and other papers filed by all parties in the district court, will be filed as exhibits within an hour of the filing of this motion.

4. Pursuant to Circuit Rule 27.3, the undersigned counsel certifies that the facts supporting emergency consideration of the motion are true and complete.

Dated: January 2, 2021                    Respectfully submitted,

 

/s/ Lawrence J. Joseph

| | |
|---|---|
| William Lewis Sessions | Lawrence J. Joseph |
| Texas Bar No. 18041500 | DC Bar #464777 |
| Sessions & Associates, PLLC | Law Office of Lawrence J. Joseph |
| 14591 North Dallas Parkway, Suite 400 | 1250 Connecticut Av NW, Ste 700 |
| Dallas, TX 75254 | Washington, DC 20036 |
| Tel: (214) 217-8855 | Tel: 202-355-9452 |
| Fax: (214) 723-5346 | Fax: 202-318-2254 |
| Email: lsessions@sessionslaw.net | Email: ljoseph@larryjoseph.com |

# CERTIFICATE OF CONFERENCE

On January 2, 2021, the undersigned counsel called the Counsel for the Vice President and the trial counsel for the Vice President to confer regarding this motion, speaking to the former and leaving a voicemail for the latter circa 10:45 a.m. (Central). In addition, at 10:49 a.m. (Central), counsel emailed the Vice President's trial counsel—to whom the Counsel for the Vice President referred us—as well as the General Counsel for the U.S. House of Representatives to confer regarding this motion and requested a response. Although the Vice President's trial counsel read the email at 10:53 a.m. (Central) according to an email return receipt, he has not responded. Counsel for House indicated that his client would meet the Vice President's deadline; counsel for the Vice President indicated that his client took no position on this motion.

Dated: January 2, 2021

Respectfully submitted,

/s/ Lawrence J. Joseph
_____

William Lewis Sessions
Texas Bar No. 18041500
Sessions & Associates, PLLC
14591 North Dallas Parkway, Suite 400
Dallas, TX 75254
Tel: (214) 217-8855
Fax: (214) 723-5346
Email: lsessions@sessionslaw.net

Lawrence J. Joseph
DC Bar #464777
Law Office of Lawrence J. Joseph
1250 Connecticut Av NW, Ste 700
Washington, DC 20036
Tel: 202-355-9452
Fax: 202-318-2254
Email: ljoseph@larryjoseph.com

# CERTIFICATE OF SERVICE

I hereby certify that on the day specified below, I electronically filed the foregoing document with the Clerk of the Court for the U.S. Court of Appeals for the Fifth Circuit by using the appellate CM/ECF system. I further certify that I provided a served a true and correct copy of the foregoing document on the following counsel for the parties and the principal *amicus curiae* in district court via Priority U.S. Mail, postage prepaid:

| | |
|---|---|
| John V. Coghlan<br>Deputy Assistant Attorney General<br>Federal Programs Branch<br>U.S. Dep't of Justice, Civil Division<br>950 Pennsylvania Avenue N.W.<br>Washington, DC 20530<br>Tel: (202) 353-2793<br>Email: john.coghlan2@usdoj.gov | Douglas N. Letter<br>General Counsel<br>Office of General Counsel<br>U.S. House of Representatives<br>219 Cannon House Office Building<br>Washington, DC 20515<br>Tel: (202) 225-9700<br>Email: douglas.letter@mail.house.gov |

I further certify that I provided a courtesy copy of the foregoing document via email to those counsel for the parties and the principal amicus curiae in district court.

Dated: January 2, 2021            Respectfully submitted,

                                  /s/ Lawrence J. Joseph
                                  _____
                                  Lawrence J. Joseph
                                  DC Bar #464777
                                  Law Office of Lawrence J. Joseph
                                  1250 Connecticut Av NW, Ste 700
                                  Washington, DC 20036
                                  Tel: 202-355-9452
                                  Fax: 202-318-2254
                                  Email: ljoseph@larryjoseph.com